[Civ. No. 1872. Second Appellate District, Division One.—January 14, 1930.]

THE PEOPLE, Respondent, v. GEORGE E. MILLUM, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Friedlander, Morfoot & Gray for Respondent.

YORK, J.—The defendant was found guilty by a jury of having possession of a preparation of morphine in violation of the State Poison Act, such possession being a felony, as charged in an information filed by the district attorney of Los Angeles County. Defendant filed notice of appeal, "(1) from the verdict of the jury finding defendant guilty of violation of the State Narcotic Act, and (2) from the order of the trial court denying the motion and grounds of defendant for a new trial; and (3) from the judgment made and entered herein, and sentencing this defendant to the State's Prison at San Quentin as required by law."

Defendant was convicted upon sufficient evidence, which, however, was denied in many particulars by the defendant himself as well as by several of his witnesses. There was no direct evidence showing entrapment. From some circumstances introduced in evidence, it is argued that such a conclusion might possibly be inferred, but it would not be a logical conclusion to be drawn therefrom. The argument is evidently based on the theory that one witness induced the defendant to go to the home of a colored woman and purchase the drug. There is no such evidence—the evidence showing only that a witness did suggest that the woman wanted to see defendant, that he went to her house and made an appointment to call on her later in the day; that he did call in company with such witness, and when the witness and defendant were leaving together, the witness was called back by the woman, and that in a very few moments the defendant was arrested

by the officers. The defendant, however, testified in his own behalf and swore he had no morphine on his person at all. He denied the officers' testimony that he dropped it from his hands when accosted by the officers—thus entrapment could not be deduced from any of the facts in evidence.

None of the points raised by appellant is sufficient for the reasons argued or authority cited to justify this court in discussing the questions attempted to be raised. Therefore, the appeal from the verdict of the jury finding defendant guilty, and from the order of the trial court denying the motion of defendant for a new trial and from the judgment made and entered, sentencing defendant to San Quentin, as required by law, is not well taken.

The judgment and order are affirmed; █ the appeal from the verdict is dismissed as not an appealable order.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.